**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Anthony M. Tracy,

        Plaintiff,

vs.

US Bank Home Mortgage; National Default Servicing Corporation,

        Defendants.

Case No.: 2:14-cv-2202-GMN-GWF

**ORDER**

Pending before the Court is *pro se* Plaintiff Anthony Tracy's Motion to Remand. (ECF No. 10). Defendants US Bank Home Mortgage ("US Bank") and National Default Servicing Corporation ("NDSC") filed a Response, (ECF No. 15), to which Plaintiff replied, (ECF No. 18). For the reasons stated herein, the Court will deny Plaintiff's Motion.

**I.   BACKGROUND**

This action centers upon Plaintiff's allegations that Defendants engaged in a pattern of harassment in an attempt to force him to agree to an unfavorable loan modification.[1] (Am. Compl. ECF No. 11). Specifically, Plaintiff alleges that the terms of his mortgage were altered by a loan modification agreement which was executed on October 17, 2011. (*Id.* at ¶¶ 18-19). In December 2011, the Complaint states that Defendant US Bank, the servicer of Plaintiff's mortgage, sent an additional loan modification offer which would have required higher monthly payments. (*Id.* at ¶¶ 21-22). When Plaintiff declined to execute the new modification, Defendant US Bank allegedly sent a series of harassing letters and made numerous phone calls

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

demanding that Plaintiff sign the agreement. (*Id.* at ¶¶ 23-26).  Despite this, Plaintiff claims that he consistently refused to sign the new modification agreement.

Though Plaintiff claims to have tendered all payments that were required pursuant to the October 2011 loan modification agreement, Defendants have allegedly returned these payments as insufficient. (*Id.* at ¶ 44).  On September 2, 2014, Plaintiff claims to have received a letter stating that NDSC seeks to initiate foreclosure proceedings upon the property at issue. (*Id.* at ¶ 48).

This case was originally filed in Clark County District Court on October 10, 2014. (Compl. at 1, ECF No. 1-1).  On December 24, 2014, Defendants removed the case, citing, *inter alia*, this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 2:18-20, ECF No. 1).

The Amended Complaint sets forth causes of action for: (1) breach of contract; (2) fraud; (3) specific performance; (4) breach of the implied covenant of good faith and fair dealing; and (5) intentional infliction of emotional distress. (Am. Compl. ¶¶ 52-78).  Based on these causes of action, Plaintiff seeks: (1) a "determination that returned payments were a gift" and (2) punitive damages in the sum of one million dollars. (*Id.* at 10:15-18).

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty*

*Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

**III.     ANALYSIS**

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a).  As discussed *infra*, Defendants have sufficiently shown that these criteria are satisfied in this case, so the Court will deny the instant Motion.

As an initial matter, it appears that Plaintiff does not argue that the amount in controversy requirement is not satisfied.  Indeed, as the Amended Complaint states specifically that Plaintiff is seeking $1,000,000 in punitive damages, it is apparent that the amount in controversy exceeds $75,000. (Am. Compl. 10:15-18).

Instead, Plaintiff argues that Defendant NDSC is a citizen of Nevada, and therefore the complete diversity requirement is not satisfied.  For the purposes of diversity jurisdiction, a corporation is considered to be a citizen of its state of incorporation as well as the state in which its "nerve center" is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

In support of his argument, Plaintiff refers to a document that appears to have come from a web site overseen by the Nevada Secretary of State. (Ex. 1 to Pl.'s Reply, ECF No. 18). Plaintiff claims that this document shows that Defendant NDSC is incorporated in both Arizona and Nevada. (Pl.'s Reply 2:23-3:1).  However, this claim is directly contradicted by the document's text, which clearly indicates that Defendant NDSC is a "foreign corporation" whose "qualifying state" is Arizona. (Ex. 1 to Pl.'s Reply).  Thus, Plaintiff's evidence fails to show that Defendant NDSC is incorporated in Nevada, and in fact supports Defendants' claim that Defendant NDSC is incorporated only in Arizona.

Additionally, Plaintiff claims that one of Defendant NDSC's directors, Michael S.

Bosco, is a resident of Nevada who is also an equity partner in a Nevada law firm. (Pl.'s Reply 3:13-18).  While these observations may be correct, the citizenship of Mr. Bosco and his law firm are not relevant to the instant Motion, as neither has been named as a defendant in the instant case.

Accordingly, the Court finds that the amount in controversy and complete diversity requirements are satisfied, and Plaintiff's Motion will therefore be denied.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 10), is **DENIED**.

**DATED** this 29th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court