UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY M. TRACY, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> US BANK, HOME MORTGAGE, ) <br> NATIONAL DEFAULT SERVICING ) <br> CORPORATION, DOES I-X, inclusive and ) <br> ROE CORPORATIONS I-X, inclusive, ) <br> ) <br> Defendants. ) | Case No.: 2:14-cv-02202-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 62) filed by Defendant National Default Servicing Corporation ("NDSC"). Plaintiff Anthony M. Tracy ("Plaintiff") filed a Response (ECF No. 70), and NDSC filed a Reply (ECF No. 74). For the reasons discussed below, NDSC's Motion for Summary Judgment is **GRANTED**.

I.  **BACKGROUND**

This case arises out of foreclosure proceedings against Plaintiff's property located at 106 Boysenberry Lane, Henderson, Nevada 89074. In December 2014, Defendant US Bank, National Association ("US Bank") removed the instant action to this Court. (Pet. Removal, ECF No. 1). Shortly thereafter, Plaintiff filed an Amended Complaint asserting the following claims against NDSC and US Bank: (1) breach of contract; (2) fraud; (3) specific performance; (4) breach of the implied covenant of good faith and fair dealing; and (5) intentional infliction of emotional distress. (Am. Compl. ¶¶ 52–78, ECF No. 11).

II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

As a preliminary matter, Plaintiff has conceded that summary judgment should be entered in NDSC's favor with respect to the following claims: (1) breach of contract; (2) specific performance; and (3) breach of the implied covenant of good faith and fair dealing. (Response 4:1–3, 6:1–8; ECF No. 70). Accordingly, the Court will enter summary judgment on these conceded claims and consider the following remaining claims against NDSC: (1) fraud and (2) intentional infliction of emotional distress.

/ / /

/ / /

### A. Fraud

To succeed on a claim for fraud, a plaintiff must show, by clear and convincing evidence, that: (1) a defendant made a false representation; (2) the representation was made with the defendant's knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) the defendant intended to induce the plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) the plaintiff justifiably relied upon the misrepresentation; and (5) the plaintiff suffered damage as a result of the reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).

Plaintiff argues that NDSC is not an authorized debt collector in the state of Nevada, sent Plaintiff letters bearing the number of a closed foreclosure file, and violated "numerous laws under the FDCPA," which Plaintiff does not explicitly specify. (Response 4:4–5:26). However, these arguments, along with the evidence presented by Plaintiff, do not establish that NDSC made a representation with the knowledge or belief that the representation was false, that NDSC intended for Plaintiff to act or refrain from acting in reliance upon the representation, that Plaintiff justifiably relied upon the representation, or that Plaintiff suffered damage as a result of the reliance. Accordingly, the Court finds that Plaintiff has not presented sufficient evidence to establish that a genuine issue of material fact exists as to whether NDSC committed fraud and grants summary judgment in favor of NDSC as to Plaintiff's fraud claim.

### B. Intentional Infliction of Emotional Distress

To establish a claim of intentional infliction of emotional distress ("IIED"), a plaintiff must demonstrate that: (1) a defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) [the plaintiff] suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993).  "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized

community"; however, this description does not encompass acts which are merely "inconsiderate" or "unkind." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998).

Plaintiff bases his IIED claim on the fact that "NDSC has committed fraud, fraudulent practices, and used fraudulent documents to destroy [P]laintiff's health." (Response 6:15–16). As explained above, Plaintiff has not presented sufficient evidence to establish that a genuine issue of material fact exists as to whether NDSC committed fraud. Additionally, Plaintiff has not presented sufficient evidence to establish that a genuine issue of material fact exists as to whether NDSC engaged in conduct that is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *See Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998). Accordingly, the Court grants summary judgment in favor of NDSC as to Plaintiff's IIED claim.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that NDSC's Motion for Summary Judgment (ECF No. 62) is **GRANTED**. Accordingly, NDSC is granted summary judgment as to all of Plaintiff's claims.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __8__ day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge