# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY M. TRACY, )
)
        Plaintiff, )   Case No.: 2:14-cv-02202-GMN-GWF
vs. )
)   **ORDER**
US BANK, HOME MORTGAGE, )
NATIONAL DEFAULT SERVICING )
CORPORATION, DOES I-X, inclusive and )
ROE CORPORATIONS I-X, inclusive, )
)
        Defendants. )
)

Pending before the Court is the Motion to Reconsider, (ECF No. 96), filed by Plaintiff Anthony M. Tracy ("Plaintiff").[1] Defendant U.S. Bank, National Association ("U.S. Bank") filed a response, (ECF No. 98), and Plaintiff filed a reply, (ECF No. 104). For the reasons discussed below, the Court DENIES Plaintiff's Motion.

## I.   BACKGROUND

This case arises out of foreclosure proceedings against Plaintiff's property located at 106 Boysenberry Lane, Henderson, Nevada 89074 ("the Property"). On October 10, 2014, Plaintiff filed a Complaint in state court against U.S. Bank. (Ex. A to Pet. Removal, ECF No. 1). In December 2014, U.S. Bank removed the case to this Court. (Pet. Removal, ECF No. 1). Shortly thereafter, Plaintiff filed an Amended Complaint asserting the following claims against U.S. Bank: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing;

---

[1] In light of Plaintiff's *pro se* status at the time of filing this Motion, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

(3) specific performance; (4) fraud; and (5) intentional infliction of emotional distress. (Am. Compl. ¶¶ 52–78).

On January 25, 2016, U.S. Bank filed a Motion for Summary Judgment on all of Plaintiff's causes of action. (ECF No. 64). The Court heard oral arguments on this motion on September 22, 2016. (ECF No. 92). On September 30, 2016, the Court granted U.S. Bank summary judgment on all of Plaintiff's claims except the claim for breach of implied covenant of good faith and fair dealing. (ECF No. 93). Plaintiff now asks the Court to reconsider its prior Order granting summary judgment.

## II. <u>LEGAL STANDARD</u>

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). Thus, Rules 59(e) and 60(b) are not "intended to give an unhappy litigant one additional chance to sway the judge." *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. <u>DISCUSSION</u>

In the instant Motion, Plaintiff argues that the Court erroneously determined that U.S. Bank sent Plaintiff a "written request" for modification of the loan agreement in accordance with the Errors and Omissions Compliance Agreement ("EOCA"). (*See* Mot. to Reconsider 3:4–5:27, ECF No. 96). Plaintiff premises this argument on U.S. Bank's failure to include the

word "request" in the revised loan agreement and accompanying letter. (*Id.*). Based on the Court's alleged oversight on this issue, Plaintiff argues that the Court should reverse summary judgment as to all claims.

In response, U.S. Bank asserts that Plaintiff's Motion: (1) fails to meet the standards for reconsideration; and (2) improperly advances a new theory regarding whether the revised agreement constituted a "written request." (*See* Def.'s Resp. 7:13–9:16, ECF No. 98). U.S. Bank is correct. A motion for reconsideration should not be "used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Furthermore, a motion for reconsideration may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, Plaintiff does not offer any evidence that was unavailable when the Court decided the summary judgment issue. Rather, Plaintiff relies on the new argument that U.S. Bank did not provide a "written request" under the EOCA. Defendant failed to raise this argument in the briefing on the summary judgment motion. (*See* Pl.'s Resp. to MSJ 10:2–12:11, ECF No. 71) (asserting that U.S. Bank breached the contract by failing to give Plaintiff a *reason* for the loan modification and failing to allow Plaintiff the full thirty days to accept the modification). Accordingly, the Court finds that Plaintiff has not presented proper grounds for reconsideration.

Even to the extent the Court does consider Plaintiff's argument, the Court nonetheless finds that Plaintiff's argument lacks merit. Notably, Plaintiff provides no legal authority to support the assertion that a request made under the EOCA must contain the word "request" to be effective. As explained in the prior Order, the Court reviewed the documents in question and found the language to be sufficient to satisfy the EOCA. (*See* Order 6:7–9, ECF No. 93) (citing Ex. K to Pace. Decl., ECF No. 66-11). Having reviewed the record in this case, the

Court can discern no reason to depart from its prior Order. Plaintiff's Motion is therefore DENIED.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 96), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Pretrial Order by October 27, 2017.

**DATED** this __19__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge